UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS HINSON,

    Plaintiff,

v.                                          Case No.: 8:18-cv-1499-T-33AAS

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER

The United States moves to strike Thomas Hinson's expert witnesses. (Docs. 30, 34). Mr. Hinson opposes the motion. (Doc. 31).

**I.    BACKGROUND**

Mr. Hinson brought this action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b)(1) and 2674 et seq, for claims arising from a motor vehicle accident between Mr. Hinson and an employee of the United States Postal Service. (Doc. 1). Mr. Hinson served his expert disclosures, identifying eleven non-retained medical providers involved in Mr. Hinson's treatment and one retained medical expert. (Doc. 30, Ex. A).

The United States moved to strike the eleven non-retained medical experts listed in Mr. Hinson's expert disclosures, arguing their testimony is beyond the scope of their observation, diagnosis, and treatment of Mr. Hinson. (Doc. 30). The United States also contends Mr. Hinson failed to summarize adequately the facts and

1

opinions that each expert is expected to testify, in violation of Fed. R. Civ. P. 26(a)(2)(C). (*Id.*).

After the United States filed its motion, Mr. Hinson amended his expert disclosures, without leave to amend and after the deadline. (Doc. 31, Ex. A). The amended disclosures remove four of the challenged experts and edit the summaries for five of the remaining non-retained experts. (*Id.*). The United States asserts the amended disclosures remain deficient and moves for an order excluding the testimony of the remaining seven non-retained and treating medical experts. (Docs. 30, 34). Mr. Hinson opposes the motion. (Doc. 31).

## II. APPLICABLE STANDARDS

### A. Expert Witness Disclosures

Rule 26(a)(2) governs disclosures by expert witnesses. "[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). The rule distinguishes between experts who must provide a written report and those who need not provide a written report.

A witness who "is one retained or specially employed to provide expert testimony in the case" must provide a written report, prepared and signed by the witness.[1] Fed. R. Civ. P. 26(a)(2)(B). Witnesses not retained or specially employed

---

[1] The report must contain a complete statement of all opinions the witness will express and the basis and reasons for them; the facts or data considered by the witness in forming them; any exhibits that will be used to summarize or support

to provide expert testimony need not provide a written report, but the expert disclosures must include the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705 and a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C). This rule "is considerably less extensive than the report required by Rule 26(a)(2)(B)" and "[c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." *Id.* (Advisory Committee Notes to 2010 Amendment).

B.  **Testimony by Treating Physician**

A treating physician may testify as either a lay witness or an expert witness; however, to testify as an expert witness, the physician must provide the required disclosures under either Rule 26(a)(2)(B) or Rule 26(a)(2)(C).[2] *See* Fed. R. Civ. P.

---

them; the witness's qualifications, including a list of all publications authored in the previous ten years; a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and a statement of the compensation to be paid for the study and testimony in the case. Fed. R. Civ. P. 26(a)(2)(B).

[2] The Advisory Committee explains: "A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C). The (a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present." *Id.*

26(a)(2)(C) (Advisory Committee Notes to 2010 Amendment); *Whitehead v. City of Bradenton*, No. 8:13-CV-2845-T-30MAP, 2015 WL 1810727, at *4 (M.D. Fla. Apr. 20, 2015).

Determining whether a Rule 26(a)(2)(B) report is required turns on the substance of the testimony. *Blakely v. Safeco Ins. Co. of Illinois*, No. 6:13-CV-796-ORL-37, 2014 WL 1118071, at *2-3 (M.D. Fla. Mar. 20, 2014). "Because a treating physician considers not only the plaintiff's diagnosis and prognosis, opinions as to the cause of injuries do not require a written report if based on the examination and treatment of the patient." *Id.* "Treating physicians commonly consider the cause of any medical condition presented in a patient, the diagnosis, the prognosis, and the extent of disability, if any, caused by the condition or injury." *Id.* "But, if a health care professional is asked to give any additional opinions, beyond those procured directly from treatment, then for those additional opinions to be admissible, Plaintiff must first provide the full written disclosures required by Rule 26(a)(2)(B)." *Blakely*, 2014 WL 1118071, at *3.

### III. ANAYLSIS

Mr. Hinson's amended expert disclosures list these non-retained and treating medical experts: Dr. James J. Lo (emergency physician), Michael Heldreth (chiropractor), Dr. Sheryl Haynes (osteopathic physician), Dr. Mohit Bansal (orthopedic surgeon), Dr. Jed Weber (neurosurgeon), Dr. Charles Domson

4

(radiologist), and Dr. Jose M. Negron-Soto (radiologist).[3] (Doc. 31, Ex. A).

As treating physicians, the listed practitioners may be exempt from Rule 26(a)(2)(B)'s requirement of a written report. But Mr. Hinson must still comply with the requirements of Rule 26(a)(2)(C) and disclose the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705 and provide a summary of the facts and opinions to which the witness is expected to testify.

Mr. Hinson's disclosure of expert testimony states Dr. Lo will testify to:

> [Mr. Hinson's] presenting complaints in the emergency department; discharge recommendations and instructions; and care rendered in the emergency department and the necessity of the same.

(Doc. 31, Ex. A, p. 1). Similarly, both Dr. Domson and Dr. Negron-Soto will testify to:

> [Their] respective review and interpretations of the diagnostic studies mentioned above [November 30, 3016 MRI of lumbar and cervical spine] and what is revealed by those studies, including abnormalities.

(*Id.* at pp. 8-9). These short paragraphs do not comply with Rule 26(a)(2)(C)'s requirements that the disclosures include actual and specific opinions, and the factual bases supporting those opinions. Thus, Dr. Lo, Dr. Domson, and Dr. Negron-Soto are stricken; however, Mr. Hinson may amend his expert disclosures as to these

---

[3] In his amended expert disclosures, Mr. Hinson provided additional information to the summaries of facts and opinions of Drs. Lo, Heldreth, Haynes, Bansal, and Weber. (Doc. 30, Ex. A; Doc. 31, Ex. A). Mr. Hinson made no changes to the summaries of radiologists Dr. Domson and Dr. Negron-Soto. (*Id.*).

physicians.

Mr. Hinson's disclosure of expert testimony states Dr. Heldreth and Dr. Haynes "will opine that the care and treatment provided … was reasonable, necessary and related to the motor vehicle collision…." (Doc. 31, Ex. A, pp. 2-3). The United States argues Dr. Heldreth's and Dr. Haynes's opinions on the cause of Mr. Hinson's injuries require a Rule 26(a)(2)(B) report. (Doc. 30, pp. 5-9; Doc. 34, pp. 2-3).

A physician who offers an opinion attained directly from treatment is not subject to the expert witness disclosure requirements in Rule 26(a)(2)(B). *See Blakely*, 2014 WL 1118071, at *3, *see also The Provident Bank v. Mattson*, Case No. 8:10-cv-1338-T-33TBM, 2011 WL 1576582, at *2 (M.D. Fla. April 26, 2011). But if a health care professional is asked to give additional opinions, beyond those procured directly from treatment, then for those additional opinions to be admissible, full written disclosures are required by Rule 26(a)(2)(B). *Id.*

Mr. Hinson's expert disclosures must clarify whether Dr. Heldreth and Dr. Haynes will testify only on their opinions formed during their treatment of Mr. Hinson. Any additional opinions Mr. Hinson may seek to elicit from these doctors based on information learned outside their treatment relationship with Mr. Hinson are inadmissible because Mr. Hinson failed to provide the full written disclosures. *See* Fed. R. Civ. P. 37(c)(1) (providing that if a party fails to provide adequate information or identify a witness as required by Rule 26, the party may not use that

information or witness to supply evidence). Mr. Hinson also failed to provide an adequate summary of the specific facts and opinions to which Dr. Heldreth and Dr. Haynes are expected to testify. Thus, Dr. Heldreth and Dr. Haynes are stricken, and Mr. Hinson may amend his expert disclosures as to these physicians.

Although Mr. Hinson's amended disclosures provide adequate detail as to Dr. Bansal's and Dr. Weber's opinions and supporting facts, Mr. Hinson intends to offer these physicians' opinions on the causation of his injuries and future prognosis. (Doc. 31, Ex. A, pp. 3-9). Mr. Hinson must clarify that Dr. Bansal and Dr. Weber will testify only on opinions formed during their treatment of Mr. Hinson. If not, Mr. Hinson must provide the full written disclosures required by Rule 26(a)(2)(B). Thus, Dr. Bansal and Dr. Weber are stricken, and Mr. Hinson may amend his expert disclosures as to these physicians.

The United States claims prejudice because Mr. Hinson's inadequate expert disclosures impeded the progress of the litigation. (Doc. 30, pp. 12-15). However, there is sufficient time before trial for Mr. Hinson to amend his expert disclosures to comply with Rule 26 without substantial harm to the United States. *See Janice Reid v. United States,* No. 3:14-cv-420-J-34JRK, 2015 WL 12857077 (M.D. Fla. July 2, 2015) (finding the moving party suffered minimal prejudice when there was enough time to amend the expert disclosures before trial).

### III. CONCLUSION

Accordingly, the United States' motion to strike expert witnesses (Doc. 30) is

**GRANTED**:

1) Mr. Hinson's amended expert disclosures (Doc. 31, Ex. A) are **STRICKEN**. Mr. Hinson has until **April 26, 2019** to amend his disclosures.

2) Mr. Hinson should clarify whether each non-retained treating expert will testify only on opinions formed during their treatment of Mr. Hinson. If these physicians will testify based on facts learned outside their treatment relationship with Mr. Hinson, then Mr. Hinson must provide the information required under Rule 26(a)(2)(B).

3) Mr. Hinson's amended disclosures should include an adequate summary of the facts and opinions to which Dr. Lo, Dr. Domson, Dr. Negron-Soto, Dr. Heldreth, and Dr. Haynes are expected to testify.

4) The discovery deadline is extended to **April 26, 2019**, for the sole purpose of Mr. Hinson amending his expert disclosures. All other case management deadlines remain in effect.

**ORDERED** in Tampa, Florida on April 18, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge